UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
THE PLAZA AT 835 WEST HAMILTON :
STREET LP, :
: Case No. 2015-6616 (LS)
Plaintiff, :
:
v. :
:
ALLENTOWN NEIGHBORHOOD :
IMPROVEMENT ZONE DEVELOPMENT :
AUTHORITY, *et al.*, :
:
Defendants. :
---------------------------------------------------------------x

## **[PROPOSED] ORDER**

**AND NOW**, this ____ day of _____, 2018, upon consideration of Plaintiff's Motion for Stay Pending Resolution of the Eminent Domain Action, and any response(s) thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and the above-captioned action is hereby **STAYED** until further order of this Court.

                                                     **BY THE COURT:**

                                                     _____
                                                     The Honorable Lawrence F. Stengel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
THE PLAZA AT 835 WEST HAMILTON
STREET LP,

                Plaintiff,

        v.

ALLENTOWN NEIGHBORHOOD
IMPROVEMENT ZONE DEVELOPMENT
AUTHORITY, *et al.*,

                Defendants.
---------------------------------------------------------------x

Case No. 2015-6616 (LS)

**ORAL ARGUMENT REQUESTED**

## NOTICE OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE EMINENT DOMAIN ACTION

Plaintiff The Plaza at 835 West Hamilton Street LP ("Plaza LP" or "Plaintiff"), by and through its undersigned counsel, hereby moves this Honorable Court for an Order staying this action in its entirety until the Lehigh County Court of Common Pleas resolves Plaintiff's *de facto* taking claim in *The Plaza at 835 West Hamilton Street LP v. City of Allentown*, Case No. 2017-C-3295 (the "Eminent Domain Action"). The grounds for the Motion are set forth in the accompanying brief.

PHIL1 6915932v.1

|  |  |  |
|---|---|---|
| Dated: April 10, 2018 | By: | */s/ Michael K. Coran* |
|  |  | Michael K. Coran (PA I.D. No. 55876) |
|  |  | Rona J. Rosen (PA I.D. No. 32440) |
|  |  | Teri M. Sherman (PA I.D. No. 319874) |
|  |  | KLEHR HARRISON HARVEY BRANZBURG LLP |
|  |  | 1835 Market Street, Suite 1400 |
|  |  | Philadelphia, PA 19103 |
|  |  | Telephone: (215) 569-2700 |
|  |  | Fax: (215) 568-6603 |
|  |  | mcoran@klehr.com |
|  |  | rrosen@klehr.com |
|  |  | tsherman@klehr.com |
|  |  | *Attorneys for Plaintiff The Plaza at 835 West Hamilton Street LP* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
THE PLAZA AT 835 WEST HAMILTON
STREET LP,

              Plaintiff,

      v.

ALLENTOWN NEIGHBORHOOD
IMPROVEMENT ZONE DEVELOPMENT
AUTHORITY, *et al.*,

              Defendants.
---------------------------------------------------------------x

Case No. 2015-6616 (LS)

**ORAL ARGUMENT REQUESTED**

# MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE EMINENT DOMAIN ACTION

Michael K. Coran
Rona J. Rosen
Teri M. Sherman
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
Fax: (215) 568-6603
mcoran@klehr.com
rrosen@klehr.com
tsherman@klehr.com

*Attorneys for Plaintiff The Plaza at 835 West Hamilton Street LP*

PHIL1 6915932v.1

Plaintiff The Plaza at 835 West Hamilton Street LP ("Plaza LP" or "Plaintiff") submits this memorandum of law in support of its motion to stay this action in its entirety until the Lehigh County Court of Common Pleas resolves Plaintiff's *de facto* taking claim in *The Plaza at 835 West Hamilton Street LP v. City of Allentown*, Case No. 2017-C-3295 (the "Eminent Domain Action").  As set forth below, a stay will avoid unnecessary hardship to Plaintiff, will not prejudice Defendants, and will promote judicial economy and fundamental fairness.[1]

## RELEVANT FACTUAL BACKGROUND[2]

Plaintiff is the sole owner of the office complex located at 835 West Hamilton Street in Allentown, PA, commonly referred to as "PPL Plaza."  Plaintiff commenced the instant litigation on December 15, 2015, asserting eight causes of action for violation of the federal and Pennsylvania Constitutions, including a cause of action for violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution (the "Federal Takings Claim"). (See ECF No. 1 at 27.)  In February 2016, defendants moved to dismiss the complaint, for a more definite statement, and for judgment on the pleadings.  (*See* ECF Nos. 34, 36, and 38-41.)  Plaintiff opposed the motions, and on September 12, 2017, the Court issued an Opinion and Order dismissing the Complaint with leave to re-plead in a manner consistent with the Court's Opinion. (ECF Nos. 65 and 66).  With respect to the Federal Takings Claim, the Court found that such claim was not "ripe for adjudication" because it "falls within the purview of the [Pennsylvania] Eminent Domain Code," and at that time, Plaintiff had not "availed itself of the procedure in the Eminent Domain Code."  (ECF No. 65 at 24-25.)

---

[1] Terms not defined herein shall have the same meanings as in the Amended Complaint for Declaratory, Injunctive and Monetary Relief (the "Amended Complaint") (ECF No. 69).

[2] The full history of the dispute between Plaintiff and Defendants regarding the NIZ and its detrimental impact on PPL Plaza is set forth in the Amended Complaint (ECF No. 69).  Only the facts salient to this Motion are recited herein.

Plaintiff followed this Court's directive and, when it filed an Amended Complaint on October 3, 2017, it did not assert a takings claim in the Amended Complaint. (*See* ECF No. 69.) Instead, on October 27, 2017, Plaintiff commenced an action against the City of Allentown (the "City") and the Department of Revenue of the Commonwealth of Pennsylvania ("DOR") pursuant to section 502(c) of the Eminent Domain Code in the Court of Common Pleas, Lehigh County, Case No. 2017-C-3295 (the "Eminent Domain Action"). In the Eminent Domain Action, Plaintiff alleged that a *de facto* taking of the Property has occurred and sought appointment of a Board of Viewers to assess Plaintiff's damages. A true and correct copy of Plaintiff's Petition for Appointment of a Board of Viewers, dated October 27, 2017 (the "Petition"), filed in the Eminent Domain Action is attached hereto as Exhibit A.[3]

On November 9, 2017, Defendants moved to dismiss the Amended Complaint in this action (the "Motions to Dismiss"). (*See* ECF Nos. 74 and 76.) Plaintiff opposed the Motions to Dismiss on December 15, 2017 (ECF No. 87), and Defendants filed their replies on January 3 and 5, 2018 (ECF Nos. 81 and 83). The Motions to Dismiss are currently pending before this Court.

On December 22, 2017, while briefing on the Motions to Dismiss was ongoing in the instant action, the City and DOR each filed Preliminary Objections in the Eminent Domain Action, alleging that Plaintiff failed to state a claim against them under the Eminent Domain Code. The City additionally argued that ANIZDA is a distinct and separate entity over which the

---

[3] Plaintiff initially filed a separate petition on October 17, 2017, that named ANIZDA as a condemnor in addition to the City and the DOR. Plaintiff, however, promptly withdrew that petition and re-filed on October 27, 2017, against only the City and DOR because to prevail under the Eminent Domain Code, a plaintiff must prove, among other things, that the alleged condemnor has been expressly granted the statutory power to condemn, and it is undisputed that the City possesses such power but ANIZDA does not. *See Genter v. Blair Cty. Convention & Sports Facilities Auth.*, 805 A.2d 51, 55 (Pa. Commw. Ct. 2002); *Conroy-Prugh Glass Co. v. Com., Dep't of Transp.*, 321 A.2d 598, 599 (Pa. 1974).

2

City has no control, and thus the City cannot be liable for any taking of the Property resulting from ANIZDA's actions.

Plaintiff responded to both sets of Preliminary Objections on January 22, 2018, and on March 22, 2018, the Court of Common Pleas entered an order ruling on the Preliminary Objections (the "March 22, 2018 Order"). A true and correct copy of the March 22, 2018 Order is attached hereto as Exhibit B.

In the March 22, 2018 Order, the Court of Common Pleas sustained the DOR's objections and dismissed DOR from the action. (*See* Ex. B.) With respect to the City, the Court of Common Pleas found an open issue as to the City's control over ANIZDA, and directed the parties to conduct limited discovery. (*Id.*) Such discovery must be completed by July 19, 2018, and will be followed by dispositive motions and then a hearing on the merits on October 11, 2018. (*Id.*)

Plaintiff believes that evidence adduced in discovery will reveal the extent of the City's control over ANIZDA, and will provide grounds for Plaintiff's claim of a *de facto* taking against the City under the Eminent Domain Code. If, however, following the hearing on October 11, 2018, the Court of Common Pleas declines to appoint of a Board of Viewers and dismisses the Petition, Plaintiff will have at that point sought and been denied compensation from the state, rendering its Federal Takings Claim ripe for adjudication in this action.[4]

---

[4] Under the Fifth Amendment of the U.S. Constitution, a plaintiff need not prove that the condemnor have been expressly endowed with the statutory power to condemn, as is required to state a claim under the Eminent Domain Code. *See Lucas v. S. Carolina Coastal Council*, 505 U.S. 1003 (1992) (holding that a regulatory taking in violation of the Fifth Amendment occurs where government legislation or regulation (1) results in the "physical invasion" of private property, or (2) "deprives an owner of all economically beneficial use of the property"); *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982) (same). Thus, if the Eminent Domain Action is dismissed on the grounds that the City (which possesses the statutory power to condemn) does not control ANIZDA (which lacks the power, but took the actions that harmed Plaintiff), Plaintiff – having exhausted its obligation to seek and be denied compensation under the Eminent Domain Code – may still have a viable takings claim under the Fifth Amendment.

3

Meanwhile, the value of Plaintiff's property continues to drastically decline as a result of NIZ development.  On February 23, 2018, PPL sent a letter to the Receiver, offering to purchase the Property for $10 million.  A true and correct copy of the February 23, 2018 letter is attached hereto as Exhibit C.  This offer is $31 million dollars *less* than PPL's previous offer of $41 million made in January 2015, and $82 million dollars *less* than the price Plaintiff paid to acquire the Property in 2006.  Plaintiff has not been privy to the Receiver's response, if any.

Accordingly, for the reasons set forth below, Plaintiff respectfully requests that this Court stay this action in its entirety until the Lehigh County Court of Common Pleas resolves Plaintiff's *de facto* taking claim in the Eminent Domain Action, which is expected to occur on or shortly after October 11, 2018.

## ARGUMENT

### I.  LEGAL STANDARD

It is well-settled that the Court has "broad power to stay proceedings."  *Bechtel Corp. v. Local 215*, 544 F.2d 1207, 1215 (3d Cir. 1976); *Chartener v. Provident Mut. Life Ins. Co.*, No. 02-8045, 2003 WL 22518526, at *1 (E.D. Pa. Oct. 22, 2003). The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  It does not require statutory authority, but rather is a power inherent in the Court, appropriately exercised where "the interests of justice . . . require such action."  *United States v. Kordel*, 397 U.S. 1, 12 (1970); *U. S. Fid. & Guar. Co. v. Bangor Area Joint Sch. Auth.*, 355 F. Supp. 913, 917 (E.D. Pa. 1973).  Therefore, a court may, "[i]n the exercise of its sound discretion . . . hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  *Bechtel Corp*, 544

F.2d at 1215 (affirming the district court's stay of proceedings); *Chartener*, 2003 WL 22518526 at *1 (same).

In evaluating whether to grant a motion to stay proceedings, a court "must weigh the competing interests of the parties, as well as the possibility that a stay would harm one of the parties." *Dimensional Music Publ'g, LLC v. Kersey ex rel. Estate of Kersey*, 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006). The "[f]actors that the Court should weigh include whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Rhodes v. Independence Blue Cross*, No. 11-1881, 2012 WL 447544, at *3 (E.D. Pa. Feb. 9, 2012) (internal citations omitted); *see also Landis*, 299 U.S. at 254-55; *Micro Med, Inc. v. Roger Nasiff Assocs.*, No. 91-6921, 1993 WL 53576, at *2 (E.D. Pa. Mar. 3, 1993) (noting that a federal court may stay an action in the interest of judicial economy where "the subject of the federal suit is simultaneously subject to litigation in state court").

Here, this Court should exercise its inherent power to stay in this action pending resolution of the Eminent Domain Action, which is expected to occur in October 2018. Such a finite stay will not result in any prejudice to Defendants. On the other hand, if this action is not stayed, proceedings in this Court – specially, the possibility of an adverse decision on the Motions to Dismiss, resulting in dismissal of this action in its entirety – prior to resolution of Plaintiff's *de facto* taking claim in state court would cause Plaintiff severe hardship and inequity. A stay will also promote judicial economy and fundamental fairness. Taken together, these arguments provide a compelling reason for the Court to stay this action pending resolution of the Eminent Domain Action.

## II. THIS ACTION SHOULD BE STAYED PENDING RESOLUTION OF THE EMINENT DOMAIN ACTION.

### A. The Requested Stay Will Not Prejudice Defendants.

The potential for prejudice to the non-movant is diminished where the stay has a "projected end-date." *Rhodes*, 2012 WL 447544, at *4. Here, the stay is contemplated to expire upon the Court of Common Pleas' resolution of Plaintiff's *de facto* taking claim in the Eminent Domain Action, which is expected to occur on or shortly after October 11, 2018. Plaintiff is not seeking to stay the action for an indeterminate period of time, or pending the outcome of a proceeding of indeterminate length. Rather, Plaintiff simply seeks a stay for the length of time the Court of Common Pleas determines appropriate to rule on the viability of Plaintiff's Petition, which as explained above is expected to occur on or shortly after October 11, 2018.

The only matters pending in this action are the Motions to Dismiss. The Motions have been fully briefed, and await a decision from this Court. There is no case management or other scheduling order that would be impacted by a stay. A stay would result in, at most, a short-term delay in disposition of the Motions to Dismiss, and therefore will not prejudice Defendants. *See Rhodes*, 2012 WL 447544, at *4 (granting motion to stay where "[d]elaying the disposition of th[e] case" caused "only minimal, conjectural prejudice to [the non-movant]").

### B. The Requested Stay is Necessary to Prevent Harm to Plaintiff.

Plaintiff commenced the Eminent Domain Action upon direction from this Court that it needed to exhaust potential relief under the Eminent Domain Code before its Federal Takings Claim could be ripe for adjudication. The Court of Common Pleas, in its March 22, 2018 Order, indicated that Plaintiff likely would not be able to state a claim under the Eminent Domain Code, but deferred ruling on the merits of the Petition until the parties conduct limited discovery. If the Court of Common Pleas ultimately denies Plaintiff's request for appointment of a Board of

6

Viewers and dismisses the Petition, Plaintiff will have at that point exhausted all potential avenues of relief from the Commonwealth under the Eminent Domain Code, rendering the Federal Takings Claim ripe for adjudication in this Court.  But if this Court issues its decision on the Motions to Dismiss and grants the Motions, effectively ending this action, prior to the Court of Common Pleas' decision on the Petition, then Plaintiff will be left without any forum in which its takings claim can be heard.

Accordingly, the potential that the outcome of the Eminent Domain Action will "substantially affect" this case warrants staying this case until resolution of the Eminent Domain Action.  *Bechtel Corp*, 544 F.2d at 1215; *see also Rhodes*, 2012 WL 447544, at *5 (granting motion to stay where "the resolution of [another] case [wa]s likely to have a significant effect on many of the issues before th[e] Court"); *Chartener*, 2003 WL 22518526 at *1 (same).

### C. A Stay Will Promote Judicial Economy and Avoid Inequity.

The NIZ's effect on the Property has been tremendous, resulting in devaluation of the Property from its purchase price of $92 million in 2006 to PPL's most recent offer of $10 million.  If a stay is not granted and, as discussed above, Plaintiff is left without a forum in which its takings claim can be heard, Plaintiff will suffer substantial hardship and inequity.   On the other hand, if a stay is granted, such stay will avoid inconsistent rulings and promote judicial economy.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an Order staying this action in its entirety until resolution of Plaintiff's *de facto* taking claim in the Eminent Domain Action.


Dated: April 10, 2018               By:     */s/ Michael K. Coran*
                                            Michael K. Coran (PA I.D. No. 55876)
                                            Rona J. Rosen (PA I.D. No. 32440)
                                            Teri M. Sherman (PA I.D. No. 319874)
                                            KLEHR HARRISON HARVEY BRANZBURG LLP
                                            1835 Market Street, Suite 1400
                                            Philadelphia, PA 19103
                                            Telephone: (215) 569-2700
                                            Fax: (215) 568-6603
                                            mcoran@klehr.com
                                            rrosen@klehr.com
                                            tsherman@klehr.com

                                            *Attorneys for Plaintiff The Plaza at 835 West Hamilton Street LP*

PHIL1 6915932v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| THE PLAZA AT 835 WEST HAMILTON STREET LP, | |
| Plaintiff, | Case No. 2015-6616 (LS) |
| v. | |
| ALLENTOWN NEIGHBORHOOD IMPROVEMENT ZONE DEVELOPMENT AUTHORITY, *et al.*, | |
| Defendants. | |

---

## CERTIFICATE OF SERVICE

I, Teri M. Sherman, hereby certify that on the 10th day of April, 2018, a true and correct copy of the foregoing Motion to Stay Proceedings Pending Resolution of the Eminent Domain Action was served on all counsel of record via the Court's electronic filing system.


                                                  */s/ Teri M. Sherman*

                                                  Teri M. Sherman